FILED
2010 Feb-26 PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
12/29/2009 3:30 PM
CV-2009-904153.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93 Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-200<br>Date of Filing:<br>12/29/2009 |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA**
**AGNES ROBERTS v. REGIONS BANK ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER** ____________

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **Yes** ☐ **No**

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:** DAN034 12/29/2009 3:28:06 PM /s JEFF S DANIEL

**MEDIATION REQUESTED:** ☐ **Yes** ☑ **No** ☐ **Undecided**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-904153.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**AGNES ROBERTS v. REGIONS BANK ET AL**

**NOTICE TO** REGIONS BANK, C/O CSC LAWYERS INCORP SV 150 SOUTH PERRY ST, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFF S DANIEL

WHOSE ADDRESS IS 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of AGNES ROBERTS pursuant to the Alabama Rules of the Civil Procedure

12/29/2009 3:30:30 PM
Date

/s ANNE-MARIE ADAMS
Clerk/Register

By

☑ Certified mail is hereby requested

/s JEFF S DANIEL
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________

______________ in ______________ County, Alabama on ______________

______________
Date

______________
Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-904153.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**AGNES ROBERTS v. REGIONS BANK ET AL**

**NOTICE TO** REGIONS MORGAN KEEGAN TRUST, C/O LEGAL DEPARTMENT 1900 5TH AVE. N., BIRMINGHAM, AL 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFF S DANIEL

WHOSE ADDRESS IS 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of AGNES ROBERTS pursuant to the Alabama Rules of the Civil Procedure

| 12/29/2009 3:30:30 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s JEFF S DANIEL
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________

______________ in ______________ County, Alabama on ______________

| ______________ | ______________ |
|---|---|
| Date | Server's Signature |

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-904153.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**AGNES ROBERTS v. REGIONS BANK ET AL**

**NOTICE TO** MORGAN, KEEGAN & COMPANY, INC., C/O THE CORPORATION COMPA 2000 INTER. PARK, STE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFF S DANIEL

WHOSE ADDRESS IS 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of AGNES ROBERTS pursuant to the Alabama Rules of the Civil Procedure

| 12/29/2009 3:30:30 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested — /s JEFF S DANIEL
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________

____________________ in ____________________ County, Alabama on ____________________

| ____________________ | ____________________ |
|---|---|
| Date | Server's Signature |

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-904153.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**AGNES ROBERTS v. REGIONS BANK ET AL**

**NOTICE TO** MORGAN ASSET MANAGEMENT, C/O THE CORPORATION COMPA 2000 INTERST PARK DR,#204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFF S DANIEL

WHOSE ADDRESS IS 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of AGNES ROBERTS pursuant to the Alabama Rules of the Civil Procedure

| 12/29/2009 3:30:30 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s JEFF S DANIEL
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______

______ in ______ County, Alabama on ______

| ______ | ______ |
|---|---|
| Date | Server's Signature |

ELECTRONICALLY FILED
12/29/2009 3:30 PM
CV-2009-904153.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AGNES DONALSON ROBERTS, individually
and as beneficiary of the Agnes Donaldson
Roberts Revocable Management Trust,

Plaintiff,

v. NO:

MORGAN KEEGAN & COMPANY;
REGIONS MORGAN KEEGAN TRUST;
REGIONS BANK; MORGAN ASSET MANAGEMENT,

Defendants.

**COMPLAINT**

**PARTIES**

1. Plaintiff Agnes Donalson Roberts is over the age of nineteen (19) years and is a resident citizen of Jefferson County, Alabama. Plaintiff is the beneficiary of the Agnes Donalson Roberts Revocable Management Trust (hereinafter the "Trust") and accounts at issue in this case. The purpose of Plaintiff's trust account was to provide living expenses and medical care expenses.

2. Defendant, Morgan Keegan & Company, Inc. is, upon information and belief, a wholly owned subsidiary of Regions Financial Corporation, which maintains its principal place of business in Jefferson County, Alabama and which does business by agent in Alabama.

3. Defendant, Regions Morgan Keegan Trust holds itself out as a trust company. Upon information and belief, it is a wholly owned subsidiary of Regions Financial Corporation, which maintains its principal place of business in Jefferson County, Alabama and which does business by agent in Alabama.

4. Defendant, Regions Bank is a banking company that holds itself out as offering trust services. Upon information and belief, it is a wholly owned subsidiary of Regions Financial Corporation, which maintains its principal place of business in Jefferson County, Alabama and which does business by agent in Alabama.

5. Defendant, Morgan Asset Management holds itself out as offering trust services. Upon information and belief, it is a wholly owned subsidiary of Regions Financial Corporation, which maintains its principal place of business in Jefferson County, Alabama and which does business by agent in Alabama.

## I. FACTS RELATING TO PLAINTIFF'S TRUST

6. Plaintiff is the beneficiary of the Trust. Defendants serve as fiduciaries. Plaintiff pays a "trust fee" each month to Defendants for fiduciary services.

7. On or about December 14, 2006, Plaintiff transferred her Trust and its securities from Wachovia to Regions. Plaintiffs trust account statements identify Regions Morgan Keegan Trust as the trust company. However, Regions Morgan Keegan Trust is not a registered entity with the Alabama Secretary of State.

8. Plaintiff is disabled and suffers from debilitating multiple sclerosis. Employees of Defendants conducted business with Plaintiff at her home due to her physical limitations. At all times relevant to this complaint, Defendants knew that Plaintiff's trust funds were used for her care and maintenance.

9. Prior to December 14, 2006, Plaintiff through the Trust owned shares of the Evergreen Core Bond Fund. On January 24, 2007, Plaintiff transferred those same shares from Wachovia to the Regions Trust.

10. Subsequent to the January 24, 2007 transfer, Defendants, through the Plaintiff's trust officers, told Plaintiff that Regions Morgan Keegan could not accept the shares of the Evergreen Core Bond Fund. Defendants through its trust officers advised and represented to Plaintiff that the Trust had to "replace" the shares of the Evergreen Core Bond Fund with two (2) RMK Bond Funds.

11. On February 28, 2007, Defendant acting as trust fiduciary, replaced Plaintiff's existing Evergreen Core bond fund shares and purchased shares of RMK Intermediate Bond Fund and also shares of RMK Fixed Income Bond Fund.

12. In addition, Defendants improperly replaced other mutual fund shares that were transferred into the Regions Trust.

13. Unknown to Plaintiff at all times prior to October 2009, the RMK Bond funds sold to the Plaintiff were heavily invested in collateralized bond obligations ("CBOs"), collateralized loan obligations ("CLOs"), and collateralized mortgage obligations ("CMOs"), collectively sometimes referred to as "collateralized debt obligations" ("CDOs") or "structured financial instruments." These securities are usually only thinly traded—i.e., market quotations for these securities are not readily available—and, based on their characteristics, are illiquid. As a consequence, the values of these securities can only be estimated, which estimated valuations are inherently uncertain.

14. In its sales materials dated September 30, 2007, the Intermediate Fund continued to represent to existing and prospective shareholders the following:

(a) "The Fund provides:
• "A higher level of current income than typical money market investments
• "A diversified portfolio of mostly investment-grade debt instruments, with some exposure to below-investment-grade assets."

(b) "**Concentrate on Value** Credit fundamentals and relative value drive the investment decisions. The Fund's focus is on "undervalued" and "out-of-favor" sectors and securities, which still have solid credit fundamentals. In addition to purchasing investment-grade securities to fulfill its investment objectives, the Fund may invest up to 35% of its assets in below-investment-grade debt securities. The portfolio seeks to maintain a balanced exposure across the investment-grade spectrum."

(c) "**Broad Diversification** The single best way to reduce the risk of any portfolio is through adequate diversification. The Intermediate portfolio is diversified not only with regard to issuer, but also industry, security type and maturity. Furthermore, the Select Intermediate Bond Fund does not invest in speculative derivatives."

## II. THE DefendantS MISREPRESENTED THE RMK BOND FUNDS' INVESTMENTS AND INVESTED IN ILLIQUID DERIVATIVE SECURITIES

15. The SEC guidelines provide that open-end registered investment companies not invest more than 15% of their portfolios in illiquid securities, guidance that the investment company industry interprets as an SEC requirement: "SEC policies require, however, that no more than 15% of a mutual fund's net assets be illiquid (10% for money markets)." Investment Company Institute: Valuation and Liquidity Issues for Mutual Funds, February 1997 p. 41

16. As disclosed in their Statement of Additional Information ("SAI"), the Funds were subject to a non-fundamental investment restriction prohibiting the Funds from purchasing "any security if, as a result, more than 15% of its net assets would be invested in securities that are illiquid because they are subject to legal or contractual restrictions on resale or because they cannot be sold or disposed of in the ordinary course of business at approximately the prices at which they are valued." With respect to this limitation, "if through a change in values, net assets, or other circumstances, a fund were in a position where more than 15% of its net assets was invested in illiquid securities, it would consider appropriate steps to protect liquidity."

17. The Funds did not disclose in their prospectus that they would invest more than 15% of their respective portfolios in illiquid securities; nor did they disclose that they did, or would, do so in contravention of the SEC's guidance or that they were prohibited from doing so by the "non-fundamental" investment restriction imposed on the Funds by the Funds' directors in compliance with what the investment company industry interprets as an SEC requirement.

18. This restriction could be changed without shareholder approval but any such change could not be implemented until disclosed. The restriction was not changed and was not disclosed to Plaintiff.

19. Illiquid securities are those that "cannot be sold or disposed of in the ordinary course of business at approximately the prices at which they are valued." SAI p. 6.

20. Defendants acknowledged that factors to be taken into account in determining liquidity include:

> (a) frequency of trades or quotes,
>
> (b) number of dealers willing to purchase or sell the instrument and the number of other potential purchases,
>
> (c) whether those dealers have undertaken to make a market in the instrument, and
>
> (d) nature of security (e.g., uniqueness) and the nature of the marketplace in which the instrument trades, including the time needed to dispose of the security, the method of soliciting offers, and the mechanics of transfer.
>
> Funds' Statement of Additional Information pp 29-30.

21. Securities for which market quotations are not readily available are illiquid securities. Fair-valued securities are those for which market quotations are not readily

available. Fair valued securities are those that have not traded in significant volume for a substantial period. Fair valued securities are illiquid securities. Illiquid securities must be fair valued. Fair valued securities are thinly traded. Thinly traded securities must be fair valued.

22. The SEC requires that open-end investment companies state the percentage of illiquid investments.

23. Securities that have not traded in significant volume for a substantial period are illiquid securities.

24. During the relevant time period, many, if not most or all, of the structured financial instruments in which the RMK Bond Funds invested, did not regularly trade or were thinly traded. Such securities were, at the time they were purchased by the Funds and during the time they were held by the Funds, illiquid. Accordingly, the investments by the Funds in illiquid securities substantially exceeded 15% of their respective net assets, as a result of purchases by the Funds in violation of the Funds' own non-fundamental investment restriction and SEC guidance.

25. Neither of Plaintiffs' RMK Bond Funds disclosed in their common prospectus that the Funds were exposed to liquidity risk: the risk that the Funds' exotic, new, untested structured securities traded in a thin market and were at risk of suddenly becoming unsalable at the prices at which they were being carried on the Funds' records because the small number of market makers might disappear, leaving the Funds with no one to buy their securities when they wanted to sell them.

26. The Plaintiff's RMK Funds held substantial amounts of securities that were fair valued (designated in the Funds' respective lists of portfolio investments in the 2007 annual report with an "(e)") and/or restricted (designated in the Funds' respective lists of portfolio

investments in the June 30, 2006 and June 30, 2007 annual and December 31, 2006 semi-annual reports with an "(a)") and were, therefore, illiquid securities:

27. The Intermediate Fund represented that it would invest in investment-grade short-term securities. Contrary to this representation, the Intermediate Fund failed to invest in sufficient amounts of liquid investment-grade short-term securities to maintain the Fund's requisite liquidity but instead excessively invested in illiquid securities.

28. In connection with the offer and sale of the Intermediate Fund's shares, the Defendant made the following representations in the Fund's registration statements or amendments thereto, including prospectuses and statements of additional information and in annual and semi-annual reports and other documents filed with the SEC and in sales materials:

(a) The Intermediate Fund would invest primarily in intermediate maturity, investment grade bonds;

(b) For liquidity and flexibility, the Intermediate Fund may invest in investment grade, short-term securities;

(c) The Intermediate Fund provides a higher level of current income than typical money market investments;

(d) The Intermediate Fund provides a diversified portfolio of mostly investment-grade debt instruments, with some exposure to below investment-grade assets;

(e) The Intermediate Fund focuses on "undervalued" and "out-of-favor" sectors and securities, "which still have solid credit fundamentals;"

(f) Because "the single best way to reduce the risk of any portfolio is through adequate diversification," the Intermediate Fund's "portfolio is diversified not only with regard to issuer, but also industry, security type and maturity."

(g) The Intermediate Fund "does not invest in speculative derivatives;"

(h) As a fixed income fund, the Intermediate Fund offered "Consistent, Periodic Income through a monthly distribution of interest payments. . .. [allowing] investors to more accurately plan investment cash flowsand provides steady

income to those who need it," recognizing the importance of income to investors in the Intermediate Fund;

(i) The Intermediate Fund would not purchase any security if, after the purchase thereof, more than 15% of the Fund's portfolio consisted of illiquid securities.

(j) The Intermediate Fund could not invest more than 25% of its net worth in a single industry.

29. The representations and disclosures in the preceding paragraph were false and misleading in that they painted a false picture of the Intermediate Fund as a fund whose net asset value was subject to only limited fluctuation and for failing to disclose the following:

(a) While the Intermediate Fund may have invested in intermediate maturity, investment grade bonds, it invested heavily in structured financial instruments that held risks that were not disclosed, including but not limited to liquidity and valuation risks;

(b) The Intermediate Fund did not invest in investment grade, short-term securities to maintain the Fund's liquidity and flexibility, or failed to do so in amounts prudent but instead heavily invested in illiquid securities;

(c) Regarding the representation that the Intermediate Fund provides a higher level of current income than typical money market investments, Defendants, by replacing Plaintiff's existing Evergreen Core Bond Fund, inferred that the RMK Intermediate Fund provided safety that was comparable to that of a money market fund while failing to disclose the risks embedded in a portfolio heavily invested in illiquid securities of uncertain valuation that had not been tested in adverse market conditions;

(d) Regarding the representation that the Intermediate Fund provides a diversified portfolio of mostly investment-grade debt instruments, with some exposure to below-investment-grade assets, Defendant failed to disclose the risks embedded in a portfolio heavily invested in illiquid securities of uncertain valuation that had not been tested in adverse market conditions;

(e) Regarding the representation that the Intermediate Fund focuses on "undervalued" and "out-of-favor" sectors and securities, "which still have solid credit fundamentals," Defendant failed to disclose the risks embedded in a portfolio heavily invested in illiquid securities of

uncertain valuation that had not been tested in adverse market conditions;

(f) Regarding the representation that the Intermediate Fund's "portfolio is diversified not only with regard to issuer, but also industry, security type and maturity," Defendant failed to disclose the risks embedded in a portfolio heavily invested in illiquid securities of uncertain valuation that had not been tested in adverse market conditions;

(g) Regarding the representation that the Intermediate Fund's "portfolio is diversified not only with regard to issuer, but also industry, security type and maturity," Defendant failed to disclose the extraordinarily heavy concentration of credit risk;

(h) Regarding the representation that the Intermediate Fund "does not invest in speculative derivatives," Defendant failed to disclose the risks embedded in a portfolio heavily invested in illiquid securities of uncertain valuation that had not been tested in adverse market conditions;

(i) Regarding their recognition that investors in the Intermediate Fund are fixed income investors who would rely on the Fund for income, Defendant failed to disclose the risks embedded in a portfolio heavily invested in illiquid securities of uncertain valuation that had not been tested in adverse market conditions;

(j) Regarding the representation that the Intermediate Fund would not purchase any security if, after the purchase thereof, more than 15% of the Fund's portfolio consisted of illiquid securities, the Fund failed to adhere to this limitation.

(k) Regarding the representation that the Intermediate Fund could not invest more than 25% of its net assets in a single industry, the Fund failed to adhere to this limitation.

30. Despite the Defendants' knowledge of the improper investments in the RMK Bond Funds, Defendants and its employees failed to notify Plaintiff or take any remedial action. Defendants breached its fiduciary duties owed to the Plaintiff and failed to disclose the systematic failure of the RMK Bond Funds owned by Plaintiff.

31. Upon receipt of her November 2007 statement, Plaintiff saw that the RMK Intermediate Bond Fund had incurred significant losses. Plaintiff became distressed and contacted her trust officer and financial advisors at Regions Morgan Keegan. On November 7, 2007 and November 15, 2007, Plaintiff's advisors sold her positions in the RMK Intermediate Bond Fund, and incurred a realized loss. At that time, Defendants never told Plaintiff that the RMK Intermediate Bond Fund had failed to file reports with the Securities and Exchange Commission and could not value the assets of the bond fund.

32. Plaintiff discovered the fraud relating to the improper replacement of her prior investments and the fraud relating to the RMK Bond Funds in October 2009.

**COUNT ONE**
**FRAUDULENT MISREPRESENTATION AND SUPPRESSION OF MATERIAL FACTS**

33. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 32, and in the counts below, as if pleaded separately herein.

34. Defendant, while acting in the line and scope of their agency and/or employment with Defendant misrepresented to Plaintiff the following:

(a) Selling and recommending investments that were unsuitable for the Plaintiff's retirement accounts;

(b) Issuing fraudulent and misleading financial reports and recommendations for the holding of RMK bond funds;

(c) Replacing the existing Evergreen Core Bond Fund and selling investments in RMK's alleged "bond" funds.

(d) that the Plaintiff was paying a monthly management fee to Defendant's for fiduciary trust services;

35. Defendants had a duty to disclose to and inform the Plaintiff of the following facts:

(a) that the alleged RMK Bond funds contained risks and illiquid securities that were not suitable or investment-grade securities.

(b) the fact that Defendant's, as trust fiduciaries, were not "required" to replace Plaintiff's existing Evergreen Core Bond Fund with proprietary Regions RMK "bond" funds.

36. Defendants withheld, concealed and suppressed the foregoing facts from the Plaintiff.

37. Defendants failed to act in Plaintiff's best interest and intended for Plaintiff to rely upon the misrepresentations described hereinabove, and Plaintiff reasonably and justifiably relied on those representations to her detriment by:

(a) purchasing shares in RMK Bond funds, Inc.;

(b) purchasing shares of speculative and/or unsuitable mutual funds;

(c) selling the shares in the Evergreen Core Bond Fund;

(d) paying worthless fees for trust services;

(e) paying worthless and unnecessary fees for replacement mutual funds; and

(g) foregoing trust account and mutual fund services elsewhere.

38. Plaintiffs discovered the Defendant' fraud in October 2009. Prior to that time, Defendant's employees and financial advisors never disclosed the Bond Fund deficiencies to the Plaintiff and Defendant was unaware of any fraud, deception or improper investments within the RMK Bond funds.

39. Defendant continuously, from the inception of the contract described herein until the present, engaged in a pattern or course of conduct by which said Defendant continued to perpetrate the original frauds, misrepresentations, suppressions, deceit, and fraudulent deceit against Plaintiff.

40. Defendants' actions constituted conduct involving a pattern or practice of wrongful conduct in violation of Alabama Code §§ 6-5-101, 102, 103, and 104.

41. As a direct and proximate consequence of Defendants' conduct, Plaintiff relied to her detriment and thereby has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT TWO**
**VIOLATIONS OF §8-6-19(a) and §8-6-19(c) OF THE ALABAMA SECURITIES ACT**

42. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 41, and in the counts below, as if pleaded separately herein.

43. This Count is asserted by Plaintiff against each Defendant and is based upon §8-6-17; §8-6-19(a)(1); and §8-6-19(a)(2) of the Alabama Securities Act.

44. In violation of §8-6-17 of the Alabama Securities Act and §8-6-19, Defendants (a) included devices, schemes and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and the course of business which operated as a fraud and deceit upon the Plaintiff.

45. The Defendant offered and sold and/or participated in the offer and sale of and/or participated in the artifices to defraud described herein above in the offer and sale of Plaintiffs' securities by the means of misrepresenting and/or omitting the truthfulness of the RMK Bond funds stock, variable annuities and purpose of the mortality fees. Defendant omitted the material facts necessary in order to make the statements made, in light of the circumstances under which

they were made, not misleading, and the Plaintiff did not know of such untruths and omissions, including those listed in this Complaint, all in violation of the Alabama Securities Act. Defendant directly and indirectly engaged and participated in a continuous course of conduct to conceal material information about the wrongful fees, up to and including the date of filing this Complaint in October 2009.

46. The Defendant had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that it failed to ascertain and disclose such facts, even though such facts were available to them. Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the true nature of the securities and fees. But for the activities of Defendants, the losses of the Plaintiff would not have occurred.

47. As the result of a dissemination of the material false and misleading information and failure to disclose material facts, as set forth above, Plaintiff's Trust account has been diminished and Plaintiff has suffered damages.

48. At the time of said misrepresentations and omissions, Plaintiff was unaware of their falsities. Had Plaintiff known the truth regarding the RMK Bond funds stock, mutual funds and wrongful fees, Plaintiff would not have purchased or otherwise invested her Trust funds with Defendants.

49. Defendants offered and sold the securities to the Plaintiff by means of oral and written communications, which included one or more misrepresentations of material fact and/or omissions to state a material fact necessary in order to make the statements, in light of the circumstances in which they were made, not misleading, in violation of §8-6-19(a)(1) and (2) of

the Alabama Securities Act, and the Plaintiff did not know of such untruths or such omissions. The foregoing acts and omissions also constitute, in connection with the sale of the variable annuity to Plaintiff, a "device, scheme, or artifice to defraud" as well as omissions to state material facts necessary to make the statements made not misleading.

50. As a direct and proximate result of Defendant wrongful conduct, Plaintiff has suffered damages in connection with the purchase of securities from Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT THREE**
**UNJUST ENRICHMENT**

51. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 50 above, and in the counts below, as if pleaded separately herein.

52. Defendant received and currently possess monies which belong to Plaintiff which were obtained wrongfully, through fraud and/or deceptive practices.

53. As a proximate cause of Defendant retaining these monies, Plaintiff has been injured as described herein.

54. The aforementioned acts and conduct by the Defendant, described in particularity hereinabove, have resulted in their unjust enrichment to the detriment of Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

## COUNT FOUR
## MONEY HAD AND RECEIVED

55. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 54 above, and in the counts below, as if pleaded separately herein.

56. Defendant took possession of money which in equity and good conscience belonged to Plaintiff or was improperly paid to the Defendant.

57. As a direct and proximate consequence of Defendant' actions, Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

## COUNT FIVE
## CONVERSION

58. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 57 above, and in the counts below, as if pleaded separately herein.

59. Through its sale of trust services and its proprietary RMK "bond" funds, Defendant required Plaintiff to pay for fees that were unnecessary and not required for the fiduciary Trust services. These fee payments, mutual fund revenue and "bond" investments were wrongfully appropriated by Defendants for Defendants' own use and benefit. Said funds and fee payments constitute specific money, capable of identification. Said fee payments and funds were specifically withdrawn from the assets of the Trust account at the direction of the Defendants through trust officers and/or financial employees.

60. Through its sale of multiple mutual funds, Defendant failed to provide the Plaintiffs with 'breakpoint" discounts for front-end load mutual fund sales charges. Defendant required Plaintiff to pay for fees that were unnecessary and not required for some mutual fund purchases. These fee payments were wrongfully appropriated by Defendant for Defendant' own use and benefit. Said fee payments constitute specific money, capable of identification. Said fee payments were specifically withdrawn from the assets of Plaintiff's Trust account at the direction of the Defendants through trust officers and/or financial employees.

61. Defendants have willfully exercised unlawful dominion and control over said proceeds.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

## COUNT SIX
## BREACH OF FIDUCIARY DUTY

62. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 61 above, and in the counts below, as if pleaded separately herein.

63. Plaintiff opened a trust account with the Defendants. The trust account was created for the exclusive benefit of Plaintiff and is administered by the Defendant and its employee trust officers.

64. Defendants created and accepted a fiduciary relationship with the Plaintiff that was based on trust, confidence and a corresponding duty to keep trust beneficiaries fully and

fairly informed and not to mislead her or conceal information regarding the investments and Defendants' conflict of interest in replacing Plaintiffs' prior-existing mutual funds.

65. Defendants owed to Plaintiff a fiduciary duty of good faith, fair dealing and to act in Plaintiff's best interest.

66. Defendants have breached their fiduciary duty of good faith, fair dealing and to act in Plaintiffs' best interest by:

(a) Charging excessive and worthless fees for replacement mutual funds;
(b) Selling and recommending investments that were unsuitable for the Plaintiff's trust account;
(c) Issuing fraudulent and misleading financial reports and recommendations for the holding of RMK Bond funds;
(d) Selling and recommending that the Plaintiff invest in speculative funds;
(e) Retaining the use of Plaintiff's trust fee and/or funds for the benefit of the Defendants.

67. As a direct and proximate consequence of Defendants' conduct, Defendants have improperly profited from the use of Plaintiff's assets. Plaintiff has been injured and damaged as set out herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT SEVEN**
**VIOLATION OF ALABAMA DECEPTIVE TRADE PRACTICES ACT**

68. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 67 above, and in the counts below, as if pleaded separately herein.

69. Defendant managed, marketed and sold the RMK Bond Funds and was engaged in unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or

commerce. Defendant's actions violate the Alabama Deceptive Trade Practices Act, Ala. Code 8-19-5.

70. Defendant had knowledge that the securities owned in the RMK Bond Funds were derivative securities, illiquid and below investment grade.

71. As early as September 2007, Defendants knew that the RMK Select Intermediate Bond Fund could not value the securities it held and could not comply with the SEC filing requirements. Defendants knew that Plaintiff was an owner of those bond funds. Defendants knew that Plaintiff was a beneficiary of a fiduciary trust and that Defendant owed Plaintiff a fiduciary duty to act in her interest, including to disclose the truth about the RMK bond funds.

72. Defendants and its trust officers failed to disclose the RMK Bond fund fraud to Plaintiff, and instead withheld the disclosures from Plaintiff. Plaintiff discovered Defendant's fraud and deceptive action in October 2009.

73. Defendants marketed and sold the RMK Bond Funds as safe low risk investments for clients including the Plaintiff, when in fact the securities held in the RMK Bond Funds were illiquid and not suitable for a low risk fund as more fully set forth above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory, treble and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT EIGHT**
**BREACH OF CONTRACT**

74. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 73 above, and in the counts below, as if pleaded separately herein.

75. Defendants entered into a contract to manage, advise and provide trust services

relating to bond fund and mutual fund investments for the benefit of the Plaintiff.

76. Defendants breached its contract with the Plaintiff and failed to invest Plaintiff's funds as agreed in the mutual fund contract.

77. Plaintiff has been damaged as a result of Defendant's breach of the contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages, expenses and attorney fees.

**DAMAGES AND RELIEF REQUESTED**

78. Plaintiff has sustained losses from the RMK Bond Funds. Plaintiff has sustained losses in "trust fees" paid to Defendants. Plaintiff has sustained losses from the "replacement" mutual funds. Plaintiff seeks compensatory damages for emotional distress and mental anguish from each defendant, jointly and severally. Plaintiff seeks punitive damages assessed against the Defendants to deter Defendants from similar actions. Plaintiff seeks recovery of her expenses and attorney fees for this action.

Respectfully submitted,

Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone: (205) 531-1287
Facsimile: (205) 327-5773

Attorney for the Plaintiff

Defendants' Addresses:

Morgan Keegan & Company, Inc.
The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, AL 36109

Regions Morgan Keegan Trust
Attn: Legal Department
417 North 20th Street
Birmingham, AL 35202

Regions Bank
D/B/A Regions Morgan Keegan Trust
Attn: Legal Department
417 North 20th Street
Birmingham, AL 35202

Morgan Asset Management
The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, AL 36109

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

REGIONS MORGAN KEEGAN TRUST
C/O LEGAL DEPARTMENT
1900 5TH AVE. N.
BIRMINGHAM, AL 35203

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X B. Daugherty ☐ Agent ☐ Addressee

B. Received by (Printed Name) B. Daugherty

C. Date of Delivery 1-21-10

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV 09-984153 JVC

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7009 1680 0001 1717 2802

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540


UNITED STATES POSTAL SERVICE
First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10
• Sender: Please print your name, address, and ZIP+4 in this box •
FILED IN OFFICE
JAN 25 2010
ANNE-MARIE ADAMS
Clerk
ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

REGIONS BANK
C/O CSC LAWYERS INCORP SV
150 SOUTH PERRY ST
MONTGOMERY, AL 36104

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) JAMES S. BELLAMY JR.

C. Date of Delivery JAN 2 5 2010

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV 09-904153 Jrc

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7009 1680 0001 1717 2796

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540



UNITED STATES POSTAL SERVICE

23 JAN 2010 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE
JAN 26 2010
ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MORGAN ASSET MANAGEMENT
C/O THE CORPORATION COMPA
2000 INTERST PARK DR,#204
MONTGOMERY, AL 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X The Corporation Company ☐ Agent ☐ Addressee

B. Received by (Printed Name): The Corporation Company

C. Date of Delivery: 1/25/10

D. Is delivery address different from item 1? ☑ Yes ☐ No
If YES, enter delivery address below:

CV 09-904153 J

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7009 1680 0001 1717 2826

PS Form 3811, February 2004 Domestic Return Receipt 102595


UNITED STATES POSTAL SERVICE
First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10
* Sender: Please print your name, address, and ZIP+4 in this box *
ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203
FILED IN OFFICE
JAN 26 2010
ANNE-MARIE ADAMS
Clerk

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
The Corporation Company
☐ Agent
☐ Addressee

B. Received by (Printed Name)
The Corporation Company

C. Date of Delivery
1/25/10

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV 09-904153 JVC

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7009 1680 0001 1717 2819

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

JAN 26 2010

ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203




**AlaFile E-Notice**

**01-CV-2009-904153.00**

To: JEFF S DANIEL
jsd10@bellsouth.net

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**AGNES ROBERTS v. REGIONS BANK ET AL**
**01-CV-2009-904153.00**

The following complaint was FILED on 1/29/2010 7:17:56 PM

Notice Date: 1/29/2010 7:17:56 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
1/29/2010 7:17 PM
CV-2009-904153.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AGNES DONALSON ROBERTS, individually and as beneficiary of the Agnes Donaldson Roberts Revocable Management Trust,

Plaintiff,

v. CASE NO: CV-2009-904153

REGIONS BANK;
MORGAN ASSET MANAGEMENT;
REGIONS MORGAN KEEGAN TRUST;

Defendants.

**FIRST AMENDED COMPLAINT**

**PARTIES**

1. Plaintiff Agnes Donalson Roberts is over the age of nineteen (19) years and is a resident citizen of Jefferson County, Alabama. Plaintiff is the beneficiary of the Agnes Donalson Roberts Revocable Management Trust (hereinafter the "Trust") and accounts at issue in this case. The purpose of Plaintiff's trust account was to provide living expenses and medical care expenses. Plaintiff files this First Amended Complaint and supercedes the previously filed complaint.

2. Defendant, Regions Morgan Keegan Trust holds itself out as a trust company. Upon information and belief, it is a trade name and/or wholly owned subsidiary of Regions Bank and/or Regions Financial Corporation, which maintain their principal places of business in Jefferson County, Alabama and which each do business in Alabama.

3. Defendant, Regions Bank is a banking company that holds itself out as offering trust services. Upon information and belief, it is a wholly owned subsidiary of Regions Financial

Corporation, which maintains its principal place of business in Jefferson County, Alabama and which does business by agent in Alabama.

4. Defendant, Morgan Asset Management holds itself out as offering trust services. Upon information and belief, it is a wholly owned subsidiary of Regions Financial Corporation, which maintains its principal place of business in Jefferson County, Alabama and which does business by agent in Alabama.

**FACTS RELATING TO PLAINTIFF'S TRUST**

5. Plaintiff is the beneficiary of the Trust. Defendants serve as fiduciaries. Plaintiff pays a "trust fee" each month to Defendants for fiduciary services.

6. On or about December 14, 2006, Plaintiff transferred her Trust and its securities from Wachovia to Regions. Plaintiff's trust account statements identify Regions Morgan Keegan Trust as the trust company. However, Regions Morgan Keegan Trust is not a registered entity with the Alabama Secretary of State.

7. Plaintiff is disabled and suffers from debilitating multiple sclerosis. Employees of Defendants conducted business with Plaintiff at her home due to her physical limitations. At all times relevant to this complaint, Defendants knew that Plaintiff's trust funds were used for her care and maintenance.

8. Prior to December 14, 2006, Plaintiff, through the Trust, owned or was the beneficiary of assets held in shares of the Evergreen Core Bond Fund.

9. On January 24, 2007, Plaintiff transferred those same Evergreen Core Bond Fund shares from Wachovia to the Regions Trust.

10. Subsequent to the January 24, 2007 transfer, Defendants, through the Plaintiff's trust officers, told Plaintiff that Regions Morgan Keegan could not accept the shares of the Evergreen Core Bond Fund. Defendants through its trust officers advised and represented to Plaintiff that the Trust had to "replace" the shares of the Evergreen Core Bond Fund with two (2) RMK Bond Funds.

11. On February 28, 2007, Defendant acting as trust fiduciary, replaced Plaintiff's existing Evergreen Core bond fund shares and purchased shares of RMK Intermediate Bond Fund and also shares of RMK Fixed Income Bond Fund.

12. In addition, Defendants improperly replaced other mutual fund shares that were transferred into the Regions Trust.

13. Unknown to Plaintiff at all times prior to October 2009, the RMK Bond funds sold to the Plaintiff were heavily invested in securities that were not suitable for the investment purposes of the Plaintiff or the trust.

14. Despite the Defendants' knowledge of the unsuitable and improper investments in the RMK Bond Funds, Defendants and its employees failed to notify Plaintiff or take any remedial action. Defendants breached its fiduciary duties owed to the Plaintiff and failed to disclose the systematic failure of the RMK Bond Funds owned by Plaintiff.

15. Upon receipt of her November 2007 statement, Plaintiff saw that the RMK Intermediate Bond Fund had incurred significant losses. Plaintiff became distressed and contacted her trust officer and financial advisors at Regions Morgan Keegan. On November 7, 2007 and November 15, 2007, Plaintiff's advisors sold her positions in the RMK Intermediate Bond Fund, and incurred a realized loss. At that time, Defendants never told Plaintiff that the

RMK Intermediate Bond Fund had failed to file reports with the Securities and Exchange Commission and could not value the assets of the bond fund.

16. Plaintiff discovered the fraud relating to the improper replacement of her prior investments and the fraud relating to the sale and the losses incurred on the RMK Bond Funds in October 2009.

## JURISDICTION AND STATE LAW CAUSES OF ACTION

17. Plaintiff brings her claims and seeks damages available under the Code of Alabama and Alabama state common law. Any allegations relating to the operation or internal affairs of any RMK Fund are not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

18. Plaintiff has not alleged any federal cause of action in this Complaint. It is not the intention of the Plaintiff to assert (directly, indirectly, by inference or mistake) any cause of action based upon or invoking the protection or use of any federal law or seek any remedy pursuant to any federal law. Furthermore, Plaintiff opts-out of and disclaim any right, option or election to share in any proceeds of or any recovery in any suit, action, class actions or multidistrict litigation proceeds brought by any person other than the Plaintiff which are now pending or hereinafter pending in any federal court. Plaintiff disclaims any intention to make any claim or relief, including "derivative" relief, in the right of or behalf of any corporate defendant or any other corporation or entity affiliated with them or any shareholders of any such entity.

**COUNT ONE**
**FRAUDULENT MISREPRESENTATION AND SUPPRESSION OF MATERIAL FACTS**

19. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 18, and in the counts below, as if pleaded separately herein.

20. Defendant, while acting in the line and scope of their agency and/or employment with Defendant misrepresented to Plaintiff the following:

(a) Selling and recommending investments that were unsuitable for the Plaintiff's retirement accounts;

(b) Issuing fraudulent and misleading financial reports and recommendations for the holding of RMK bond funds;

©) Replacing the existing Evergreen Core Bond Fund and selling investments in RMK's alleged "bond" funds.

(d) that the Plaintiff was paying a monthly management fee to Defendant's for fiduciary trust services;

21. Defendants had a duty to disclose to and inform the Plaintiff of the following facts:

(a) that the alleged RMK Bond funds contained risks and illiquid securities that were not suitable or investment-grade securities.

(b) the fact that Defendant's, as trust fiduciaries, were not "required" to replace Plaintiff's existing Evergreen Core Bond Fund with proprietary Regions RMK "bond" funds.

22. Defendants withheld, concealed and suppressed the foregoing facts from the Plaintiff.

23. Defendants failed to act in Plaintiff's best interest and intended for Plaintiff to rely upon the misrepresentations described hereinabove, and Plaintiff reasonably and justifiably relied on those representations to her detriment by:

(a) purchasing shares in RMK Bond funds, Inc.;

(b) purchasing shares of speculative and/or unsuitable mutual funds;

©) selling the shares in the Evergreen Core Bond Fund;

(d) paying worthless fees for trust services;

(e) paying worthless and unnecessary fees for replacement mutual funds; and

(g) foregoing trust account and mutual fund services elsewhere.

24. Plaintiff discovered the Defendants' fraud in October 2009. Prior to that time, Defendants' employees and financial advisors never disclosed the Bond Fund deficiencies to the Plaintiff . Plaintiff was unaware of any fraud, deception or improper investments within the RMK Bond funds. Any allegations in this cause of action relating to the operation or internal affairs of any RMK Fund are not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

25. Defendants continuously, from the inception of the contract described herein until the present, engaged in a pattern or course of conduct by which said Defendant continued to perpetrate the original frauds, misrepresentations, suppressions, deceit, and fraudulent deceit against Plaintiff.

26. Defendants' actions constituted conduct involving a pattern or practice of wrongful conduct in violation of Alabama Code §§ 6-5-101, 102, 103, and 104.

27. As a direct and proximate consequence of Defendants' conduct, Plaintiff relied to her detriment and thereby has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT TWO**
**VIOLATIONS OF §8-6-19(a) and §8-6-19©) OF THE ALABAMA SECURITIES ACT**

28. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 27, and in the counts below, as if pleaded separately herein.

29. This Count is asserted by Plaintiff against each Defendant and is based upon §8-6-17; §8-6-19(a)(1); and §8-6-19(a)(2) of the Alabama Securities Act.

30. In violation of §8-6-17 of the Alabama Securities Act and §8-6-19, Defendants (a) included devices, schemes and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and ©) engaged in acts, practices, and the course of business which operated as a fraud and deceit upon the Plaintiff.

31. The Defendant offered and sold and/or participated in the offer and sale of and/or participated in the artifices to defraud described herein above in the offer and sale of Plaintiffs' securities by the means of misrepresenting and/or omitting the truthfulness of the investments owned by the Plaintiff and/or the trust, RMK investment funds and investments replaced by the defendants. Defendants omitted the material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and the Plaintiff did not know of such untruths and omissions, including those listed in this Complaint, all in violation of the Alabama Securities Act. Defendant directly and indirectly engaged and

participated in a continuous course of conduct to conceal material information about the investment funds, up to and including the date of filing this Complaint in October 2009. Any allegations herein relating to the operation or internal affairs of any RMK Fund are not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

32. The Defendant had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that it failed to ascertain and disclose such facts, even though such facts were available to them. Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the true nature of the securities and fees. But for the activities of Defendants, the losses of the Plaintiff would not have occurred.

33. As the result of a dissemination of the material false and misleading information and failure to disclose material facts, as set forth above, Plaintiff's Trust account has been diminished and Plaintiff has suffered damages.

34. At the time of said misrepresentations and omissions, Plaintiff was unaware of their falsities. Had Plaintiff known the truth regarding the RMK Bond funds stock, replacement mutual funds and wrongful fees, Plaintiff would not have purchased or otherwise invested her Trust funds with Defendants.

35. Defendants offered and sold the securities to the Plaintiff by means of oral and written communications, which included one or more misrepresentations of material fact and/or omissions to state a material fact necessary in order to make the statements, in light of the circumstances in which they were made, not misleading, in violation of §8-6-19(a)(1) and (2) of

the Alabama Securities Act, and the Plaintiff did not know of such untruths or such omissions. The foregoing acts and omissions also constitute, in connection with the sale of the investments to Plaintiff, a "device, scheme, or artifice to defraud" as well as omissions to state material facts necessary to make the statements made not misleading.

36. As a direct and proximate result of Defendant wrongful conduct and violation of the Alabama Securities Act, Plaintiff has suffered damages in connection with the purchase of securities from Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

## COUNT THREE
## UNJUST ENRICHMENT

37. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 36 above, and in the counts below, as if pleaded separately herein.

38. Defendant received and currently possess monies which belong to Plaintiff which were obtained wrongfully, through fraud and/or deceptive practices. Any allegations herein relating to the operation or internal affairs of any RMK Fund are not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

39. As a proximate cause of Defendant retaining these monies, Plaintiff has been injured as described herein.

40. The aforementioned acts and conduct by the Defendant, described in particularity hereinabove, have resulted in their unjust enrichment to the detriment of Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT FOUR**
**MONEY HAD AND RECEIVED**

41. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 42 above, and in the counts below, as if pleaded separately herein.

42. Defendant took possession of money which in equity and good conscience belonged to Plaintiff or was improperly paid to the Defendant. Any allegations herein relating to the operation or internal affairs of any RMK Fund are not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

43. As a direct and proximate consequence of Defendant' actions, Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT FIVE**
**CONVERSION**

44. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 43 above, and in the counts below, as if pleaded separately herein.

45. Through its sale of trust services and its proprietary RMK "bond" funds, Defendant required Plaintiff to pay for fees that were unnecessary and not required for the fiduciary Trust services. These fee payments, mutual fund revenue and "bond" investments were wrongfully appropriated by Defendants for Defendants' own use and benefit. Said funds and fee payments constitute specific money, capable of identification. Said fee payments and funds were specifically withdrawn from the assets of the Trust account at the direction of the Defendants through trust officers and/or financial employees. Any allegations in this cause of action relating to the operation or internal affairs of any RMK Fund are not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

46. Trust fee payments were specifically withdrawn from the assets of Plaintiff's Trust account at the direction of the Defendants through trust officers and/or financial employees.

47. Defendants have willfully exercised unlawful dominion and control over said proceeds.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT SIX**
**BREACH OF FIDUCIARY DUTY**

48. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 47 above, and in the counts below, as if pleaded separately herein.

49. Plaintiff opened a trust account with the Defendants. The trust account was created for the exclusive benefit of Plaintiff and is administered by the Defendant and its employee trust officers.

50. Defendants created and accepted a fiduciary relationship with the Plaintiff that was based on trust, confidence and a corresponding duty to keep trust beneficiaries fully and fairly informed and not to mislead her or conceal information regarding the investments and Defendants' conflict of interest in replacing Plaintiffs' prior-existing mutual funds.

51. Defendants owed to Plaintiff a fiduciary duty of good faith, fair dealing and to act in Plaintiff's best interest.

52. Defendants have breached their fiduciary duty of good faith, fair dealing and to act in Plaintiffs' best interest by:

(a) Charging excessive and worthless fees for replacement mutual funds;
(b) Selling and recommending investments that were unsuitable for the Plaintiff's trust account;
©) Issuing fraudulent and misleading financial reports and recommendations for the holding of RMK Bond funds;
(d) Selling and recommending that the Plaintiff invest in speculative funds;
(e) Retaining the use of Plaintiff's trust fee and/or funds for the benefit of the Defendants.

53. As a direct and proximate consequence of Defendants' conduct, Defendants have improperly profited from the use of Plaintiff's assets. Plaintiff has been injured and damaged as set out herein. Any allegations relating to the operation or internal affairs of any RMK Fund are

not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT SEVEN**
**VIOLATION OF ALABAMA DECEPTIVE TRADE PRACTICES ACT**

54. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 53 above, and in the counts below, as if pleaded separately herein.

55. Defendant managed, marketed and sold the RMK Bond Funds and was engaged in unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce. Defendant's actions violate the Alabama Deceptive Trade Practices Act, Ala. Code 8-19-5.

56. Defendant had knowledge that the securities owned in the RMK Bond Funds were derivative securities, illiquid and below investment grade.

57. As early as September 2007, Defendants knew that the RMK Select Intermediate Bond Fund could not value the securities it held and could not comply with the SEC filing requirements. Defendants knew that Plaintiff was an owner of those bond funds. Defendants knew that Plaintiff was a beneficiary of a fiduciary trust and that Defendant owed Plaintiff a fiduciary duty to act in her interest, including to disclose the truth about the RMK bond funds.

58. Defendants and its trust officers failed to disclose the RMK Bond fund fraud to Plaintiff, and instead withheld the disclosures from Plaintiff. Plaintiff discovered Defendant's fraud and deceptive action in October 2009. Any allegations relating to the operation or internal

affairs of any RMK Fund are not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

59. Defendants marketed and sold the RMK Bond Funds as safe low risk investments for clients including the Plaintiff, when in fact the securities held in the RMK Bond Funds were illiquid and not suitable for a low risk fund as more fully set forth above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory, treble and punitive damages in an amount to which a finder of fact may determine she is entitled plus interest and costs and attorney fees.

**COUNT EIGHT**
**BREACH OF CONTRACT**

60. Plaintiff realleges and incorporates by reference each fact contained in paragraphs 1 through 59 above, and in the counts below, as if pleaded separately herein.

61. Defendants entered into a contract to manage, advise and provide trust services relating to bond fund and mutual fund investments for the benefit of the Plaintiff. Any allegations relating to the operation or internal affairs of any RMK Fund are not intended to make or support derivative claims, but, instead, are alleged to exemplify the non-disclosures to the Plaintiff of the material risks of the Trustee's investments.

62. Defendants breached its contract with the Plaintiff and failed to invest Plaintiff's funds as agreed in the mutual fund contract.

63. Plaintiff has been damaged as a result of Defendant's breach of the contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each Defendant, joint and severally, for compensatory and punitive damages, expenses and attorney

fees.

**DAMAGES AND REQUEST FOR RELIEF**

64. Plaintiff seeks recovery under Alabama state law for losses sustained as a result of Defendants' maintenance of the trust and the sale and maintenance of the RMK Bond Funds. Plaintiff does not allege any claim or recovery under any federal law. Plaintiff incorporates Paragraphs 17 and 18 as if fully stated herein. Plaintiff has sustained losses in "trust fees" paid to Defendants. Plaintiff has sustained losses from the "replacement" mutual funds. Plaintiff seeks compensatory damages for emotional distress and mental anguish from each defendant, jointly and severally. Plaintiff seeks punitive damages assessed against the Defendants to deter Defendants from similar actions. Plaintiff seeks recovery of her expenses and attorney fees for this action.

Respectfully submitted,

__/s/ Jeff S. Daniel____________

Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone: (205) 531-1287
Facsimile: (205) 327-5773

Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I have this the _29th_ day of _January_, 2010, served a copy of the foregoing on the following attorneys for defendants and/or through AlaFile electronic filing for the following:

Peter Fruin, Esq.
Scott Brown, Esq.
Luther Dorr, Esq.
Maynard, Cooper & Gayle, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203

John W. Mitchell, Esq.
Parker, Hudson, Rainer & Dobb, LLP
285 Peachtree Center Ave., NE, Suite 1500
Atlanta, GA 30303

__/s/ Jeff S. Daniel____________
Attorney for Plaintiffs




IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

AGNES DONALSON ROBERTS, individually and as beneficiary of the Agnes Donaldson Roberts Revocable Management Trust,

Plaintiff,

v.

CASE NO: CV-2009-904153

REGIONS BANK;
MORGAN ASSET MANAGEMENT;
REGIONS MORGAN KEEGAN TRUST;

Defendants.

NOTICE OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT MORGAN KEEGAN & COMPANY, INC.

COMES NOW the Plaintiff pursuant to Rule 41 of the Alabama Rules of Civil Procedure and dismisses, without prejudice, claims alleged against Morgan Keegan & Company, Inc. from this proceeding. This filing shall not effect or otherwise relate to claims pending before the FINRA Dispute Resolution tribunal.

Respectfully submitted,

__/s/ Jeff S. Daniel____________

Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone: (205) 531-1287
Facsimile: (205) 327-5773

Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I have this the _29th_ day of _January_, 2010, served a copy of the foregoing on the following attorneys for defendants and/or through AlaFile electronic filing for the following:

Peter Fruin, Esq.
Scott Brown, Esq.
Luther Dorr, Esq.
Maynard, Cooper & Gayle, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203

John W. Mitchell, Esq.
Parker, Hudson, Rainer & Dobb, LLP
285 Peachtree Center Ave., NE, Suite 1500
Atlanta, GA 30303

__/s/ Jeff S. Daniel____________
Attorney for Plaintiffs




**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| ROBERTS AGNES,<br>Plaintiff, | ) | |
| V. | ) | **Case No.:** CV-2009-904153.00 |
| REGIONS BANK,<br>REGIONS MORGAN KEEGAN TRUST,<br>MORGAN, KEEGAN & COMPANY, INC.,<br>MORGAN ASSET MANAGEMENT,<br>Defendants. | ) | |

**ORDER**

RULE 41 DISMISSAL WITHOUT PREJUDICE FOR MORGAN KEEGAN & CO., INC. filed by ROBERTS AGNES is hereby GRANTED. All claims asserted against defendant Morgan, Keegan & Company, Inc., are dismissed without prejudice.

DONE this 2nd day of February, 2010.

/s ED RAMSEY

CIRCUIT JUDGE